## John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 20,868. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John F. Devine, administrator of the estate of David Kaufman, plaintiff, against Chicago City Railway Company, defendant, to recover damages of defendant for negligently causing the death of plaintiff's intestate. From a verdict and judgment for plaintiff for $3,000, defendant appeals.

Plaintiff contends that defendant's car, while at a standstill and taking on passengers, suddenly and without warning started while deceased was in the act of boarding it, with one foot on the running board, causing him to be thrown to the ground, inflicting injuries from which he shortly thereafter died.

The deceased was with his wife and other friends, all of whom were boarding the car, and all but deceased succeeded in so doing without accident. All these persons, including the deceased, were in clear view of the conductor and their purpose of boarding the car while it was stationary was apparent.

The plaintiff's intestate, at the time of suffering the injuries which it is claimed resulted in his death, was seventy-one years of age. An autopsy disclosed that at the time of his death certain of his internal organs were diseased, including his heart, kidneys and stomach.

There is no evidence that deceased was consciously suffering from any fatal malady on the day of his death or that he had complained of any particular physical distress. At the time of the accident he was going about his usual affairs and was on his way to

visit at the house of a friend.  His widow testifies that he had not been recently treated by a medical man and had not taken to his bed on account of sickness for more than five years prior to his death.  These facts appear from her testimony: "Before this accident my husband looked well and seemed perfectly well. * * * I do not know of my husband being under the doctor's care before this accident for anything except —I guess it is ten or fifteen years ago. * * * Before this accident he was not in bed, I am sure not in five years, for any cause."

James G. Condon and Watson J. Ferry, for appellant; W. W. Gurley and J. R. Guilliams, of counsel.

James C. McShane, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1.  Carriers, § 476*—*when evidence sufficient to support verdict finding negligence in starting car.*  In an action against a street railroad company to recover for the death of plaintiff's intestate alleged to have been caused by the negligence of defendant's servant in starting the car before the intestate had a reasonable opportunity to board it, the evidence examined and *held* to support a finding that defendant was negligent.

2.  Carriers, § 367*—*what duty owed to persons boarding car.*  Where persons intending to board a street car are in clear view of the conductor and their purpose of boarding the car while it is stationary is apparent, it is the duty of the conductor not to start the car until all of them are safely on and to give them sufficient time to board it.

3.  Carriers, § 476*—*when evidence sufficient to show that negligence was proximate cause of death.*  In an action against a street railroad company to recover for the death of a person alleged to have been caused by defendant's negligence in starting its car as deceased was attempting to board it, the evidence examined and *held* sufficient to support a finding that the injury resulted by the starting of the car was the proximate cause of his death and that

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCV 20.

the death was not due to diseases with which he was afflicted at the time the injury was received.

4. EVIDENCE, § 387*—*when expert's opinion as to cause of death admissible.* In an action against a street railroad company to recover for the death of a person alleged to have been caused by the starting of defendant's car while he was in the act of boarding it, where it is not disputed that the immediate cause of death was edema of the lungs, it is competent for an expert medical witness to give his opinion as to the cause of the edema.

5. APPEAL AND ERROR, § 1474*—*when admission of evidence not ground for reversal.* The admission of opinion evidence is not ground for reversal even though the objection thereto is well founded, where evidence of a like character was introduced by both parties.